2L 375
7L 678
11L 153
16L 440

SARAH HICKMAN, Guardian, etc. v. ANNA B. DUDLEY.

GUARDIAN. *Foreign.* *May sue in this State.* Where a guardian and ward live in another State, the guardian may file a bill in this State for sale of ward's real estate, and is entitled to the possession of the proceeds of sale upon executing, in the court having control of them, bond for their proper management and application.

FROM PERRY.

Appeal from the Chancery Court at Linden. GEO. H. Nixon, Ch.

J. L. SLOAN and T. W. BROWN for complainant.

H. C. CARTER for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Complainant filed a petition in the Chancery Court of Perry county, alleging that she had been appointed guardian of defendant by the County Court of Mississippi county, Arkansas, the residence of complainant and defendant. That defendant's father died in 1859, in Perry county, Tennessee, leaving a considerable estate in that county, and four children and a widow. That thereafter the mother of defendant died, leaving an estate in that county, and in 1872 her brother died in said county, leaving an estate, in which three estates defendant has an interest of one-third. The petition further states that the guardian of defendant, one Dicas, of Perry county, received funds belonging to defendant, and that under proper proceedings she pro-

cured an order by the County Court of Perry county to Dicas to turn over to complainant all the effects of defendant in his hands, the guardianship of defendant being also transferred to her. She alleges, however, that she never had any funds of her ward since her appointment as guardian, and had executed large bonds to cover the amounts likely to arise from the estates of the father, mother and brother.

The complainant states that her ward is in need of means for her support, maintenance and education, and prays that her estate, derived from her father, mother and brother in Perry and Decatur counties be sold, and the proceeds be paid over to complainant, to be used for the benefit of her ward.

The bill further states that the proceeds of the real estate belonging to the ward have been insufficient to meet expenses of keeping it in repair, and that if the sale should be refused, the ward would be dependent entirely upon charity for her support, maintenance and education.

The ward, aged about sixteen, answered and admitted the allegations of the bill to be true, and the Chancellor appointed a solicitor of the court as her guardian *ad litem.* And upon his motion the bill was dismissed for want of equity upon its face, so far as it sought to sell the real estate of the minor, as recited in the decree.

From this decree complainant has appealed to this court. This is not an application under the statute, for the sale of property of persons under disability, for the purpose of re-investment, but for maintenance and

Hickman *v.* Dudley.

support and education. It appearing, from the allegations of the bill, that the ward is wholly destitute of other means of support, than the realty sought to be sold, and it yielding no income, it is obviously proper that relief should be given, if the facts should be satisfactorily shown to exist, as alleged in the bill. Its allegations of the quantity and location and value of the land are not as full as they should have been for the information of the court, but the Chancellor will see that no more of the realty shall be sold, than is necessary to the objects named in the bill, if the ward owns more than may be required for such purpose.

In *McClellan* v. *McClellan*, MS. opinion, delivered at the April term, 1874, of this court, it was held, when the guardian and wards resided in another State, that the guardian might file his bill in this State, for the sale of the wards' real estate, and could take the funds arising therefrom, upon executing, in the court having control of them, a bond for their proper managment and application.

We are of opinion, therefore, that the Chancellor erred, in dismissing the bill, and his decree is reversed, and the cause is remanded for further proceedings. The costs of this court will be paid by complainant, as guardian, out of any effects, which are now in or may come to her hands as such guardian.